IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 07-580-JJF |
| | : |
| JOHN W. BOYD, | : |
| | : |
| Defendant. | : |

William Boyd, Pro se Plaintiff, Newark, Delaware.

**MEMORANDUM OPINION**

Boyd v. Boyd                                                                                                    Doc. 7

December 10, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff William Boyd filed this action on September 24, 2007. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 6.) For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff alleges Defendant sold a company in Plaintiff's name without Plaintiff's permission. Plaintiff alleges that Defendant sold the company for a large sum of money, but failed to pay taxes and since the company is in Plaintiff's name, he is responsible for the taxes. Plaintiff also alleges Defendant worked for a company of Plaintiff and he "stold [sic], embezzled monies, forgery, identity theft, stold [sic] files, computers, furniture, and also sabotage [sic]" Plaintiff and his company so that Plaintiff could not stay in business. Finally, Plaintiff alleges Defendant deposited checks made out to Plaintiff's company into Defendant's account. The civil cover sheet refers to the following statutes: "12 U.S.C.[1], 18 U.S.C.[2], 18 U.S.C.

---

[1] Plaintiff did not provide the entire statute citation.

[2] Plaintiff did not provide the entire statute citation.

2315, 18 U.S.C. 1915, 18 U.S.C. 642-654, 15 U.S.C.[3]"  Plaintiff seeks damages in the amount of $4,485,000.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403,

---

[3]Plaintiff did not provide the entire statute citation.

406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III. ANALYSIS**

The Complaint does not indicate under which statutes the action is brought. Plaintiff, however, makes reference to certain statutes in his civil cover sheet and it appears that he seeks civil relief under various criminal statutes in an attempt

to raise a federal question to vest this Court with jurisdiction inasmuch as the parties are not diverse.[4] The statutes refer to embezzlement, theft, misuse of public funds, racketeering, and stolen property as follows:   18 U.S.C. § 642[5], 18 U.S.C. § 643[6], 18 U.S.C. § 644[7], 18 U.S.C. § 645[8], 18 U.S.C. § 646[9], 18 U.S.C. § 647[10], 18 U.S.C. § 648[11], 18 U.S.C. § 649[12], 18 U.S.C. § 650[13], 18

---

[4] The Complaint states that both Plaintiff and Defendant reside in Delaware.

[5] Chapter 31-Embezzlement and Theft, Section 642 - Tools and materials for counterfeiting purposes.

[6] Chapter 31-Embezzlement and Theft, Section 643 - Accounting generally for public money.

[7] Chapter 31-Embezzlement and Theft, Section 644 - Banker receiving unauthorized deposit of public money.

[8] Chapter 31- Embezzlement and Theft, Section 645 - Court officers generally.

[9] Chapter 31- Embezzlement and Theft, Section 646 - Court officers depositing registry moneys.

[10] Chapter 31- Embezzlement and Theft, Section 647 - Receiving loan from court officer.

[11] Chapter 31- Embezzlement and Theft, Section 648 - Custodians, generally, misusing public funds.

[12] Chapter 31- Embezzlement and Theft, Section 649 - Custodians failing to deposit moneys; persons affected.

[13] Chapter 31- Embezzlement and Theft, Section 650 - Depositaries failing to safeguard deposits.

U.S.C. § 651[14], 18 U.S.C. § 652[15], 18 U.S.C. § 653[16], 18 U.S.C. § 654[17], 18 U.S.C. § 1951[18], and 18 U.S.C. § 2315[19].[20] Plaintiff's civil claims under these criminal statutes fail.

A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action. Hill v. Didio, 191 Fed. Appx. 13, (2d Cir. 2006) (citations omitted). The sections under Title 18 wherein Plaintiff seeks relief are criminal statutes and they do not provide, explicitly or implicitly, private civil causes of action. See Hill v. Didio, 191 Fed. Appx. 13, 14 (2d Cir. 2006)(nothing in the language or structure of 18 U.S.C. § 645 suggests that Congress intended to create a private right of action); Fisher v. Conseco Fin. Co., Inc., No. 3:07cv266/RV/MD,

---

[14]Chapter 31- Embezzlement and Theft, Section 651 - Disbursing officer falsely certifying full payment.

[15]Chapter 31- Embezzlement and Theft, Section 652 - Disbursing officer paying lesser in lieu of lawful amount.

[16]Chapter 31- Embezzlement and Theft, Section 653 - Disbursing officer misusing public funds.

[17]Chapter 31- Embezzlement and Theft, Section 654 - Officer or employee of United States converting property of another.

[18]Chapter 95-Racketeering, Section 1951 - Interference with commerce by threats or violence.

[19]Chapter 113-Stolen Property, Section 2315 - Sale or receipt of stolen goods, securities, moneys, or fraudulent State tax stamps.

[20]As discussed above, the civil cover sheet refers to 12 U.S.C., 15 U.S.C., and 18 U.S.C. but does not provide a section under the statutes.

2007 WL 3012881, at *3 (N.D. Fla. Oct. 12, 2007) (there is no private civil right of action under 18 U.S.C. § 642); <u>Waris v. Frick</u>, Civil Action No. 06-5189, 2007 WL 954108, at *5 (E.D. Pa. Mar. 28, 2007) (string citation of cases for the proposition that there is no express or implied private right of action under 18 U.S.C. § 1951); <u>Piorkowski v. Parziale</u>, No. 3:02CV00963, 2003 WL 21037353, at *8 (D. Conn. May 7, 2003) (no private cause of action under 18 U.S.C. § 2315); <u>Waldron v. Pierre</u>, 995 F. Supp. 935 (N.D. Ill. 1998)(there is no express or implied private cause of action in 18 U.S.C. § 654). Further, many of the criminal statutes concern actions taken by public officers and are clearly inapplicable to the claims as alleged by Plaintiff. While Plaintiff's allegations suggest that he may have claims which he may bring in Delaware Courts under state law, they do not state claims under federal law. Accordingly, to the extent Plaintiff seeks to assert claims under any of the foregoing statutes, they will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.   CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. <u>See</u> <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004) <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111

(3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.